Matter of Pupke (2018 NY Slip Op 06247)





Matter of Pupke


2018 NY Slip Op 06247


Decided on September 26, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2017-00277 

[*1]In the Matter of Donald. Pupke, Jr., an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Donald V. Pupke, Jr., respondent. (Attorney Registration No. 2043073)



DISCIPLINARY PROCEEDING commenced pursuant to 22 NYCRR 1240.8 by the Grievance Committee for the Tenth Judicial District against the respondent. By decision and order on application dated April 13, 2017, this Court referred the issues raised to the Honorable John Kase, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 9, 1986.



Catherine A. Sheridan, Hauppauge, NY (Michael J. Kearse of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated December 12, 2016, containing four charges of professional misconduct. The respondent submitted a verified answer dated January 30, 2017, admitting all charges of misconduct. After a pre-trial conference held on June 12, 2017, and a hearing conducted on June 16, 2017, the Special Referee issued a report dated February 13, 2018, sustaining all charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems appropriate. Although the respondent was served with a copy of the motion, he has not responded, nor requested additional time in which to do so.
Charge one alleges that the respondent misappropriated client funds entrusted to him as a fiduciary and commingled personal funds with client funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
At all times relevant herein, the respondent maintained an attorney trust account incident to his law practice at JPMorgan Chase Bank, entitled "Donald V. Pupke Attorney Trust IOLA," and bearing account number xxxxx6526 (hereinafter the IOLA account).
As to the allegations of commingling, between April 2013 and April 2014, the respondent routinely deposited client funds entrusted to him as a fiduciary into the IOLA account. During that period, he also routinely deposited legal fees and other personal funds into the IOLA account.
Concerning the allegations of misappropriation, between April 2013 and April 2014, the respondent made disbursements from the IOLA account, including ATM cash withdrawals and debit card purchases for his personal use, thereby invading funds entrusted to him in three real estate transactions, as follows:
In the first transaction, the respondent represented William and Mary Meis, who were selling their home. On April 3, 2013, the respondent deposited the down payment check for the Meis sale, in the sum of $72,000, into the IOLA account. After making this deposit, the balance in the IOLA account was $72,011.95. The closing for the Meis sale was held on July 15, 2013. While entrusted with the down payment funds for the Meis sale, the respondent disbursed funds for his own purposes, totaling $46,500, and thereby reducing the balance in the IOLA account to $24,011.95 as of April 26, 2013. Prior to the Meis closing, by July 10, 2013, the balance in the IOLA account was further reduced to $15,340.16.
In the second transaction, the respondent represented Kathleen McCarthy, who entered into a contract to sell her home to Sikhander St. Luce and Michelle Nurse-St. Luce. On July 15, 2013, the respondent deposited the down payment for the McCarthy sale, a cashier's check in the sum of $55,000, into the IOLA account. That same day, the respondent withdrew $66,000 from the IOLA account, and obtained three cashier's checks for the Meis closing, totaling $66,000: two checks were made payable to First American Title, together totaling for $3,968.68, and one check was made payable to William and Mary Meis for $62,031.32. Pursuant to a post-closing escrow agreement, the respondent was required to maintain a minimum of $4,000 in the IOLA account for the Meis sale.
Based upon the foregoing, as of August 31, 2013, the respondent was required to maintain a minimum of $59,000 in the IOLA account for the Meis and McCarthy sale transactions. However, the balance in the account on that date was $10,600.61.
In an effort to replenish the deficiency in the IOLA account, between September 16, 2013, and September 17, 2013, the respondent deposited $46,000 in the IOLA account: $2,600 in personal funds, and $43,400 representing the proceeds of a personal loan from the respondent's brother-in-law. After making these deposits, the balance in the IOLA account on September 17, 2013, was $55,060.61. On that date, the respondent issued IOLA account check no. 1968, made payable to Sikhander St. Luce and Michelle Nurse-St. Luce in the sum of $55,000, representing the return of their down payment. This check was paid against the IOLA account on September 24, 2013.
The third transaction also involved the respondent's client Kathleen McCarthy, who entered into a contract to sell her home to another purchaser. On November 13, 2013, the respondent deposited the down payment in this sale, a check in the sum of $69,000, into the IOLA account. The closing occurred on or about February 24, 2014. During the intervening period, on December 17, 2013, the respondent withdrew $4,169.14 from the IOLA account, and obtained a cashier's check made payable to William and Mary Meis. By December 31, 2013, the balance in the IOLA account was $56,017.01, evidencing a deficiency of $12,982.99 for the pending McCarthy sale.
Between February 24, 2014, and February 26, 2014, the respondent withdrew funds from the IOLA account and obtained four cashier's checks for the McCarthy closing totaling $60,750. After these disbursements, the respondent should have had $8,250 in the IOLA account for the McCarthy sale. However, as of February 26, 2014, the balance in the account was $772.26. On April 14, 2014, the respondent withdrew $9,050 from the IOLA account and obtained a cashier's check made payable to Kathleen McCarthy for $9,050, representing $800 more than the $8,250 that was due to her.
Charge two alleges that the respondent neglected a legal matter and failed to act diligently in his representation of a client, and charge three alleges that the respondent acted in a manner prejudicial to the administration of justice, in violation of rules 1.3 and 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
On or about June 30, 2010, the respondent began representing Stanley and Kathleen Warszycki, in connection with an action in the Supreme Court, Suffolk County, entitled Warszycki v McWilliams, under Index No. 16560-09, which the Warszyckis had commenced as pro se litigants. Although the respondent was served in or about mid-July 2010 with the defendants' answer to the complaint with counterclaims, he failed to interpose a response to the counterclaims on behalf of the Warszyckis. Further, while representing the Warszyckis, the respondent failed to comply with court ordered disclosure, and failed to appear at three court conferences.
By order dated April 19, 2012, the Supreme Court, Suffolk County, granted the defendants' unopposed motion seeking dismissal of the complaint and judgment in their favor on their counterclaims, and set the matter down for an inquest on damages with respect to the counterclaims. Although the respondent was served with notice of entry of the April 19, 2012, order, [*2]he took no action on behalf of the Warszyckis. An inquest was held and the case was marked disposed on July 5, 2012.
By reason of the foregoing, charge four alleges that the respondent acted in a manner which adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In view of the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
During the hearing, the respondent described multiple personal and medical adversities that he and his family have faced. He testified that during the relevant time period, he became depressed and encountered severe financial difficulties, including the foreclosure of his home. After the underlying grievance investigation began, the respondent sought help from the Lawyer Assistance Program of the Nassau County Bar Association, and took steps to overcome his mental health issues. In mitigation, the respondent expressed remorse, replenished the misappropriated funds, instituted remedial measures to ensure that his misconduct does not reoccur, and presented evidence of his numerous pro bono efforts and civic activities. As an aggravating factor, we have considered that the respondent's disciplinary record is not unblemished, as he has received two Admonitions and a Caution.
Under the totality of circumstances, we find that the respondent's professional misconduct warrants a suspension from the practice of law for a period of two years (see Matter of Weiss, 157 AD3d 87).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Donald V. Pupke, Jr., is suspended from the practice of law for a period of two years, commencing October 26, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 27, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that (1) during said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) he has otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Donald V. Pupke, Jr., shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Donald V. Pupke, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Donald V. Pupke, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court